UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| ATLANTIC SPECIALTY INSURANCE COMPANY, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 2:24-cv-00058 |
| NORRIS BROS. EXCAVATING, LLC, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Atlantic Specialty Insurance Company's ("ASIC") Motion for Summary Judgment (Doc. No. 45). ASIC's motion as unopposed because Defendants did not file a response in opposition. (See Doc. No. 19 at 6 ("Responses to dispositive motions shall be filed within 28 days after filing of the motion.")). The Court also deems ASIC's Statement of Undisputed Material Facts (Doc. No. 47) "undisputed for purposes of summary judgment" because Defendants did not file a response. See L.R. 56.01(g). Nevertheless, "[a] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." Evans v. Plummer, 687 F. App'x 434, 446 (6th Cir. 2017) (citation omitted). The Court must instead examine the motion to determine whether it is proper under Federal Rule of Civil Procedure 56(a) "that there is no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Plummer, 687 F. App'x at 446. For the following reasons, ASIC has met this burden, and the Court will grant its motion for summary judgment.

As background, ASIC brought this diversity action against Norris Bros. Excavating LLC ("Principal"); Norris Bros. Properties, LLC; Jacob Norris; and Justin Norris (collectively,

"Defendants") for allegedly breaching the parties' December 17, 2020 General Agreement of Indemnity ("Indemnity Agreement").[1] (Doc. Nos. 1; 1-1). The Indemnity Agreement incentivized "ASIC to issue certain surety bonds on behalf of Principal" because it required Defendants to deposit collateral "acceptable to ASIC" *before* it suffered any losses in connection with the surety bonds, and to compensate or reimburse ASIC *after* it incurred any losses. (See Doc. Nos. 47 ¶ 1; 41 at 2; see also Doc. No. 1-1 at 5). Relying on this agreement, ASIC issued millions of dollars in surety bonds on behalf of Principal relating to various construction projects in Tennessee. (Doc. No. 47 ¶ 3). These bonds helped ensure "all persons, firms, subcontractors, and corporations" (or "obligees") involved in these construction projects that Principal would pay them for their work on time. (See Doc. No. 1 ¶ 21; 40 at 1).

After the parties signed the Indemnity Agreement, several obligees began making claims against ASIC's surety bonds. (Doc. No. 47 ¶ 4; see also Doc. No. 29 at 1). ASIC asserts that it has incurred (and paid) losses of $719,180.73 in connection with, or arising out of, those claims. (Doc. No. 47 ¶¶ 5–14). As proof of this loss amount, ASIC submitted a signed declaration from its Surety Claims Manager, Ashlee Rudnick, explaining that it paid: (1) $148,275.48 as a result of the garnishment in Ferguson Enterprises, LLC v. Norris Bros. Excavating, LLC, Case No. 22CV-2195 in the Chancery Court of Rutherford County, Tennessee; (2) $488,640.39 for the replacement contractor for the City of Lebanon project; (3) $106,916.75 as satisfaction of Trinity Utilities & Boring's claim under Payment Bond 800116105; (4) $71,854.18 in legal fees associated with these payments; and (5) $32,441.67 to JS Held, LLC for the investigation of the completion of the City of Lebanon Water Main Project and selection of a new contractor. (Id. ¶¶ 7–13). These losses

---

[1] NB Properties was added as an indemnitor to the Indemnity Agreement by a separate Rider. (Doc. No. 47 ¶ 2).

were then offset by the $128,947.74 that ASIC collected related to the Big Creek UD Waterline. (Id. ¶¶ 7, 14).

In addition to the $719,180.73 that ASIC *already paid*, ASIC anticipates that it will incur another $207,384.85 in fees to resolve pending claims against its surety bonds. (Id. ¶ 15). This amount includes a $68,118.34 claim against Performance Bond 800116099; a $23,911.83 claim against Payment Bond 800116126; a $62,786.39 claim against Payment Bond 800116102; a $30,422.47 claim against Payment Bond 800116088 (plus "accruing interest and fees" of at least $14,000.00); and $8,145.82 in attorney's fees resulting from issuing bonds and enforcing the Indemnity Agreement. (Id.).

Pursuant to the Indemnity Agreement, ASIC demanded that Defendants fully collateralize ASIC for the $926,565.58 in losses that it has incurred, or anticipates incurring, for issuing the surety bonds on Principle's behalf.[2] (See Doc. No. 47 ¶ 7). The Rudnick Declaration asserts, however, that Defendants "have failed to deposit *any* collateral or otherwise reimburse ASIC for *any* loss incurred under the [surety bonds] or otherwise due under the Indemnity Agreement." (Id. ¶ 18) (emphases added). Defendants have not produced any evidence to rebut these statements. See Stevenson v. Allstate Ins. Co., 328 F.3d 822, 826 (6th Cir. 2003) ("The nonmoving party must present significant probative evidence in support of its opposition to the motion for summary judgment.").

The foregoing background and undisputed facts demonstrate that ASIC is entitled to summary judgment on its breach of contract claim. The Court applies Tennessee law to this claim because the parties executed the Indemnity Agreement in Tennessee. (Doc. No. 45-1 ¶ 2); see also

---

[2] ASIC initially demanded $1,350,000.00 in collateral, but it has since reduced its "initial collateral demand due to the liquidation of claims, recoveries" that it received, "and efforts to mitigate ASIC's loss and exposure." (See Doc. Nos. 47 ¶ 15; 45-1 ¶ 17).

3

MacDonald v. Gen. Motors Corp., 110 F.3d 337, 341 (6th Cir. 1997); In re Estate of Davis, 184 S.W.3d 231, 234 (Tenn. Ct. App. 2004).  The elements of a breach of contract claim in Tennessee are:  (1) "the existence of a valid and enforceable contract," (2) "a deficiency in the performance amounting to a breach," and (3) "damages caused by the breach."  Fed. Ins. Co. v. Winters, 354 S.W.3d 287, 291 (Tenn. 2011).  It is undisputed that the Indemnity Agreement is a valid and enforceable contract that required Defendants to "deposit collateral with ASIC, acceptable to ASIC, sufficient to cover all exposure under" the surety "bonds, or make provisions acceptable to ASIC for the funding of the bonded obligations." (Doc. No. 1-1 at 5; Doc. No. 47 ¶ 1).  Defendants breached this provision by failing to indemnify ASIC or deposit collateral acceptable to ASIC.  ASIC presented evidence that Defendants' breach caused it to suffer damages in the amount of $926,565.58.  ASIC has therefore shown "that there is no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law" on its breach of contract claim for specific performance.  Fed. R. Civ. P. 56(a).

The last issue before the Court is whether to grant ASIC's requests for pre-judgment and post-judgment interest.  (Doc. No. 46 at 24).  The Court finds that such an award makes little practical sense where, like here, the remedy for Defendants' breach is specific performance of a collateral security obligation. (Doc. No. 41 at 6 (citing Westfield Ins. Co. v. Legacy Constr. Servs., LP, 2024 WL 5112758, at *5 n.4 (W.D. Tenn. Dec. 12, 2024)).  If the Court awarded interest on Defendants' collateral obligation, then Defendants would need to pay more in collateral than ASIC has requested in this case.  It is also unclear as an initial matter whether Tennessee law even allows a party seeking specific performance to receive pre-judgment or post-judgment interest.  Cf. Glacier Bear Retreat, LLC v. Dusek, 107 F.4th 1049 (9th Cir. 2024) (certifying question to the

Montana Supreme Court). ASIC did not address these issues in its motion, and therefore the Court will deny without prejudice its request for pre-judgment and post-judgment interest at this time.

For these reasons, ASIC's Motion for Summary Judgment (Doc. No. 45) is **GRANTED**, and judgment shall enter in favor of ASIC on its breach of contract claim in Count I. Norris Bros. Excavating, LLC; Norris Bros. Properties, LLC; Jacob Norris; and Justin Norris, jointly and severally, **SHALL** immediately deposit funds totaling $926,565.58 to ASIC, unless the parties agree otherwise, to accept alternative collateral.[3]

This is a final order. The Clerk is directed to enter judgment under Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

---

[3] On July 22, 2025, the Court entered a Preliminary Injunction Order imposing an identical requirement on Defendants. (Doc. No. 42). Defendants did not comply with that Order, and proceedings are currently ongoing for the Court to consider an appropriate remedy for Defendants' civil contempt. (See Doc. No. 59).